UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPADIVISION

KEITH LARSON,

      Plaintiff,

v.                                    Case No.:

HERNANDO COUNTY BOARD
OF COUNTY COMMISSIONERS,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEITH LARSON, by and through undersigned counsel, brings this action against Defendant, HERNANDO COUNTY BOARD OF COUNTY COMMISSIONERS ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hernando County, Florida.

### PARTIES

4.    Plaintiff is a resident of Hernando County, Florida.

5.    Defendant operates a county government in Brooksville, in Hernando County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10.     At all times material hereto, Defendant  was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.     Defendant   continues to be an "employer" within the meaning of the FLSA.

12.     At all times material hereto, Defendant  was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13.     At all times relevant to this action, Defendant  was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

15.     Plaintiff began working for Defendant in October 2003 and continues to be employed by Defendant.

2

16.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

17.     Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

18.     On July 31, 2018, Plaintiff received an email from the Hernando County Deputy County Administrator, Jeffrey Rogers, confirming Plaintiff's participation in a human resources investigation conducted in October 2017 regarding overtime pay. Mr. Rogers requested that Plaintiff submit an accurate estimate of the total amount of hours worked beginning in August 10, 2015 through the present. The deadline to submit the calculation was August 10, 2018.

19.     On August 6, 2018, Plaintiff complied with the July 31, 2018 email request and provided Mr. Rogers with an estimate of his overtime worked from August 10, 2015 through the present.

20.     On September 27, 2018, again, Plaintiff received an email from Mr. Rogers confirming Plaintiff's participation in a human resources investigation conducted in October 2017 regarding Hernando County's use and policies on overtime.

21.     Further, in that same email, Mr. Rogers agreed to process a payment in the amount of $14,172.47 to Plaintiff for overtime owed. He received the payment.

22.     He was also advised that the payment for an equal amount in liquidated damages was owed and would be paid upon submission of a W-9 for that payment.

23.     Plaintiff provided the requested tax form.

3

24.     Plaintiff has complied with all requests in connection with the formalities associated with the payment of the liquidated damages owed to him.

25.     Plaintiff has diligently followed up with the County, specifically Mr. Rogers, to secure this payment.

26.     Any delay in addressing the issue of unpaid liquidated damages on the overtime owed, which was admitted to and paid by the County, is solely as a result of the Defendant's actions and not a failure on the Plaintiff's part to aggressively pursue his rights under the FLSA.

27.     To date, Plaintiff has not received the listed amount.

28.     Defendant promised to pay Plaintiff his wages owed and liquidated damages and Plaintiff accepted such promise.

29.     Defendant's actions in refusing to remit the payment for liquidated damages, after admitting such damages are owed, is a willful, and reckless disregard for the counties obligations under the provisions of the FLSA and its promises to Plaintiff to meet those obligations.

### COUNT I – FLSA OVERTIME VIOLATION

30.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

31.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

32.     Defendant's failure to pay was willful.

33.     Defendant has admitted liability  for liquidated damages in an amount equal to overtime pay owed to Plaintiff.

34.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)     A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18ʰ day of July, 2019.

> Respectfully submitted,
>
> **DONNA V. SMITH**
> Florida Bar Number: 661201
> **WENZEL FENTON CABASSA, P.A.**
> 1110 North Florida Avenue, Suite 300
> Tampa, Florida  33602
> Main Number: 813-224-0431
> Direct Dial: 813-386-0995
> Facsimile: 813-229-8712
> Email: dsmith@wfclaw.com
> Email: rcooke@wfclaw.com
> **Attorneys for Plaintiff**